```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**HECTOR SENUOKE,**

        Plaintiff,

  vs.                                Civil Action 2:04-CV-950
                                       Judge Marbley
                                       Magistrate Judge King

**MICHAEL CORBIN,**

        Defendant.

### ORDER

       This is a civil action instituted by plaintiff, without the assistance of counsel, in connection with plaintiff's effort to purchase real property apparently located in the State of New York.  In response, defendant filed a motion to dismiss challenging personal jurisdiction in this district.  Doc. No. 4.  On March 31, 2005, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the motion to dismiss be granted.  Doc. No. 7.  This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* Doc. No. 10, which the Court will consider *de novo.*  28 U.S.C. §636(b).

       In the *Report and Recommendation,* the Magistrate Judge concluded that plaintiff had wholly failed to carry his burden of establishing at least a *prima facie* case of personal jurisdiction over the defendant.  *Report and Recommendation,* at 1.  The Magistrate Judge specifically noted that, in response to the motion to dismiss, plaintiff argued only that the parties' diverse citizenship vested this Court with diversity jurisdiction by virtue of 28 U.S.C. §1332.  *Id.*  However, and as the Magistrate Judge reasoned, that contention "does not address the issue of personal jurisdiction over the person of the defendant."  *Report and Recommendation,* at 1.

In his objections to the *Report and Recommendation,* plaintiff now takes the position that this is a civil rights action over which the district court has jurisdiction by virtue of 28 U.S.C. §1343(3). Again, however, the fact that the Court may be vested with subject matter jurisdiction over the type of claim asserted in the action is an issue different from whether or not the Court is vested with personal jurisdiction over an out-of-state defendant. Moreover, plaintiff's conclusory statement that "[t]his defendant has the certain minimum contacts with the forum. ..." *Objection to the Report and Recommendation,* at 2, is simply insufficient to satisfy plaintiff's burden of establishing personal jurisdiction in the face of defendant's challenge. *See CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1261-62 (6th Cir. 1996).

Accordingly, plaintiff's objections to the *Report and Recommendation* are **DENIED.** The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.** Defendant's motion to dismiss, Doc. No. 4, is **GRANTED.**

This action is hereby **DISMISSED,** without prejudice to institution in an appropriate forum.

The Clerk shall enter **FINAL JUDGMENT** in this action.

                                                       s/Algenon L. Marbley
                                                        Algenon L. Marbley
                                        United States District Judge